HONLON, JUDGE:
These claims arose out of the same accident; therefore, the Court consolidated the claims for the purposes of the hearing and the decision.
On or about August 27, 1985, the claimant Belinda Morton was a passenger in a vehicle being driven by claimant Diana Cassady. They were traveling north on State Route 16, in Fayette County. Claimant Cassady was a student residing in San Francisco, California, but was visiting West Virginia at the time of the accident. Ms. Cassady’s vehicle is alleged to have passed over unidentified debris in the road, causing her to lose control of the vehicle and to swerve into a mountain. The accident occurred near the community of Beckwith. Claimant Morton suffered a concussion, fractured sternum, lacerations to her left leg, and dislocation of her ankle and knee. She was hospitalized for 30 days for her injuries. Claimant Cassady suffered a broken jaw, shattered cheekbones and damage to her teeth. She was hospitalized for ten days after the accident.
Claimants contend that the unidentified debris caused Ms. Cassady momentarily to lose control of her Datsun station wagon, and thus the vehicle ran into the adjoining mountain cliff. Claimants also allege that respondent either placed the debris on the roadway, or conversely was negligent in not removing same. The debris was described as an oily substance with a sand and gravel base.
*29 The respondent denies negligence and avers no knowledge of the debris alleged to have been present on the roadway prior to the accident.
Respondent’s witnesses, including Fayette County Deputy Sheriff, Carl D. Dancy, testified that there “wasn’t any oil or anything unusual on the highway. ” The Deputy was the investigating officer for the accident. He testified that the sand present at the accident scene was “kicked up” from the wreaked vehicle, and that there were “no mass amounts of sand on the road.” Deputy Dancy concluded his testimony by observing that “if there would have been any debris of any amount on the road, I would have had problems and I didn’t. ”
An alternative theory advanced by claimants is that construction activity was present in the accident area, and this activity may have resulted in debris on the roadway. However, respondent’s records reflect that on the date of the accident “Activity 256,” shoulder and ditch repair was being conducted. This activity was discussed in some detail, suggesting to the Court that the brooms that follow the grader removed errant materials that might otherwise accumulate on the roadway.
Other repair activity alleged by the claimant included the placement of “hot mix” on Route 16. This allegation was refuted by respondent’s witness, Thornton L. Johnson, a Fayette County Assistant Road Supervisor. Mr. Johnson testified that hot mix was placed upon a different area road, State Secondary Route 21/3, and not upon Route 16. Additional allegations of road repair failed to connect the activity in time to the accident site.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by the debris, it must have had either actual or constructive notice of the defective condition and a reasonable amount of time to take suitable corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). It is the opinion of the Court that claimants have failed to establish notice, either actual or constructive, that debris which posed a hazard to the traveling public was present. In fact, the Court is of the opinion that the evidence fails to establish the presence of debris of a hazardous nature on the roadway.
The Court, having considered all of the evidence put forth in these claims, concludes that claimants have failed to establish negligence on the part of the respondent, and therefore, the Court must deny these claims.
Claim disallowed.